O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ADRIAN HUMPHRY THOMAS,          )    Case No. EDCV 06-00611-MLG
                                )
            Plaintiff,          )    MEMORANDUM OPINION AND ORDER
                                )
      v.                        )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of the             )
Social Security                 )
Administration,                 )
                                )
            Defendant.          )
_____ )

I.   Factual and Procedural Background

     This is an action for judicial review of the Commissioner's final
decision denying Plaintiff's applications for Social Security benefits.
On December 10, 2003, Plaintiff Adrian Humphry Thomas filed applications
for Social Security Disability Insurance Benefits and Supplemental
Security Income benefits. (Administrative Record ("AR") 30, 80-82, 181-
83.) Plaintiff was involved in a car accident in June 2001, causing neck
and shoulder injuries, which Plaintiff claims left her unable to work as
of December 2, 2003. (AR 30, 130.)

Plaintiff was born on June 7, 1942 and was 61 years old at the time of the administrative hearing. (AR 30, 80.) She has a high school education. (*Id.*) Her past work experience includes employment as a restaurant bartender/manager. (AR 30.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (AR 29.) Plaintiff timely filed a Request for Hearing, and a hearing was held on December 10, 2004, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. (Id.) In a decision issued December 20, 2004, the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits. (AR 29-35.) Plaintiff appealed the decision to the Appeals Council, which vacated the decision and remanded for further proceedings.[1] (AR 67-69.)

A second hearing was held on October 4, 2005. Applying the five-step sequential analysis for determining disability,[2] ALJ Harrell found: (1) Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date;[3] (2) Plaintiff suffers from degenerative

_____

[1] The bases for the ALJ's first decision and the Appeals Council's decision are not germane to the issue raised before this Court.

[2] *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (detailing the five-step sequence).

[3] The ALJ made the explicit finding in bold print that Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision. (AR 16.) Curiously, the ALJ then went on to discuss Plaintiff's recent earnings and conclude, "Thus, the undersigned finds that the claimant has engaged in substantial gainful activity since the alleged onset date, and her current work activity is indicative of her continuing ability to engage in work activity at the level of the substantial gainful activity." (Id.)
    Normally, if a claimant is found to be engaging in substantial gainful activity, she is considered not disabled, regardless of medical or other vocational factors, and that is the end of the matter. 20 C.F.R. §§ 404.1520(b), 416.920(b). Faced with contradictory findings, the Court will accept the finding that Plaintiff has not engaged in substantial gainful activity for three reasons. First, the ALJ proceeded to the remaining four steps of the disability analysis, which indicates that the decision did not rest on a finding that Plaintiff engaged in

disc disease which qualifies as a severe impairment under the Social Security Regulations; (3) Plaintiff's impairment does not meet or medically equal one of the listed impairments in the Regulations; and (4) Plaintiff retains the residual functional capacity to perform a range of sedentary work: she can lift ten pounds occasionally and less than ten pounds frequently; she can sit for up to six hours and stand or walk for up to six hours in an eight-hour workday; she requires the option to sit or stand when needed; and she cannot perform more than infrequent bending and stooping.[4] Given these limitations, the ALJ found that Plaintiff is not able to perform her past work. (AR 16-19.)

At step five of the analysis, the ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"). Based on the testimony of a Vocational Expert ("VE"), the ALJ found that Plaintiff possesses work skills that are transferrable to other occupations with jobs existing in significant numbers in the national economy, and that "very little vocational adjustment" would be required for Plaintiff to take these jobs. (AR 20.) Thus, the ALJ found Plaintiff was not disabled under Rule 201.07 of the grids.[5]

---

substantial gainful activity, but rested on the fifth step, discussed *infra*. Second, the ALJ's discussion of Plaintiff's earnings since the alleged onset date is cursory and relies in part upon pre-disability date earning figures. Third, in the Joint Stipulation filed with this Court, the Commissioner does not dispute Plaintiff's contention that the ALJ's decision was made at step five of the analysis.

[4] The ALJ also found that Plaintiff cannot stand or walk for more than four hours out of an eight-hour workday, which contradicts the finding that she can stand or walk for up to six hours out of an eight-hour workday. Plaintiff does not mention this contradiction, and it does not seem to have any implications for the issue considered here.

[5] The ALJ states that Plaintiff is not disabled under Rule 201.03 of the grids. But the ALJ expressly found that Plaintiff possesses a high school education (AR 19), which renders Rule 201.03 inapplicable. As will be discussed below, Plaintiff's disability status under the grids is governed by either Rule 201.06 or 201.07.

Plaintiff timely filed a Request for Review of the ALJ's decision. The Appeals Council denied review on April 24, 2006. (AR 5-8.) Plaintiff then filed the instant action, claiming that the ALJ erred by finding that Plaintiff's work skills are transferable. (Jt. Stip. 2.) If Plaintiff's skills are not transferable, the grids compel a finding of disabled.

## II.   Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision must be upheld if it is "supported by 'substantial evidence' and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

//

//

4

**III. Application of the Medical-Vocational Guidelines**

Plaintiff claims that the ALJ erred in his application of the grids. Specifically, Plaintiff claims that the ALJ's determination that Plaintiff's skills are transferable to other occupations with jobs existing in the national economy is not based on substantial evidence, and actually is contrary to the explicit testimony of the VE.

**A.   Discussion**

If a claimant is able to establish that she is not able to perform her past relevant work, the burden then shifts to the Commissioner to show that the claimant, in light of her residual functional capacity, can perform other work that exists in significant number in the national economy. *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). The Commission can meet this burden in two ways: (1) through the testimony of a VE; or (2) by reference to the grids. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). However, where the claimant suffers only exertional limitations, "the ALJ must consult the grids." *Lounsbury v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006).

The grids are applied at the fifth step of the analysis under 20 C.F.R. § 404.1520, and present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant. The grids categorize jobs by their physical-exertional requirements, and set forth a table for each category. A claimant's placement with the appropriate table is determined by applying a matrix of four factors identified by Congress—a claimant's age, education, previous work experience, and physical ability. For each combination of these factors, they direct a finding of either "disabled" or "not disabled" based on the number of jobs in the national

5

1    economy in that category of physical-exertional requirements.
2    If a claimant is found able to work jobs that exist in
3    significant numbers, the claimant is generally considered not
4    disabled.

5  *Id.* at 1114-15 (internal citations omitted).

6    **B.   Analysis**

7    Because Plaintiff suffers from only exertional limitations, the
8  grids were appropriately used to determine whether she is disabled. As
9  to each of the four factors that comprise the matrix, the ALJ found that
10 Plaintiff is of advanced age, has at least a high school education and
11 is able to communicate in English, has a semi-skilled work background,
12 and is physically limited to sedentary work. (AR 17, 19.) Applying these
13 factors to Plaintiff, which she does not dispute, her disability status
14 is determined by either Rule 201.06 or 201.07. If Plaintiff's skills are
15 not transferable, then Rule 201.06 applies and she is disabled; if
16 Plaintiff's skills are not transferable, then Rule 201.07 applies and
17 she is not disabled.

18     For a claimant such as Plaintiff who can perform semi-skilled
19 sedentary work and is of advanced age, in order for the work skills to
20 be transferable "there must be very little, if any, vocational
21 adjustment required in terms of [1] tools, [2] work processes, [3] work
22 settings, or [4] the industry." 20 C.F.R. Part 404, Subpart P, App. 2,
23 Rule 201.00(f).

24     When asked whether any jobs exist in the national economy for a
25 person with Plaintiff's characteristics, the VE identified only check
26 cashier. (AR 216, 225.) The ALJ then directly questioned the VE on
27 whether Plaintiff's skills would be transferable under the terms of Rule
28 201.00(f):

1   ALJ: Tell me: what are the skills [from Plaintiff's previous work
2        as a bartender] that transfer to that job?
3   VE:  That would be the customer service, the cashier, cash handling
4        skills.
5   ***
6   ALJ: How much of a vocational adjustment would be required, in
7        terms of tools, work processes, work settings [INAUDIBLE]?
8   VE:  The process would be similar, other than there would be a
9        higher pace on the cashiering, because as a bartender/manager,
10       you're spending a lot more time doing the mixing and serving
11       than just cash handling. So they would be the same, but there
12       would be—it would be more extensive in the cashiering. More of
13       your time would be strictly handling money and—customer
14       service wouldn't be so much—
15  ALJ: Would you describe it—would you say that it would be described
16       as being little, if any vocational adjustment?
17  VE:  **No, I think it would be more than that.**
18  ALJ: **More than a little—**
19  VE:  **It's a totally different—more than—it's a totally different**
20       **industry than the restaurant bar industry.**
21  (AR  216-17.)  Plaintiff's  attorney  followed  up  on  this  line  of
22  questioning:
23  Atty: But you did say there is more than little or no adjustment,
24        moving from this industry?
25  VE:   The restaurant, bar industry is very different than a check
26        cashing store.
27  Atty: Um-hum.
28  VE:   Check cashing business. A lot of it—because a lot of your

7

1          time is spent doing other than cash handling. That's part of
2          it, but it's not 100 percent of your time.
3    Atty: Okay. So from that perspective there, there is more than
4          little or no adjustment?
5    VE:   In the industry, itself. And in the number of hours a day you
6          were actually handling it.
7  (AR 225.)

8        Notwithstanding this testimony the ALJ concluded that there would
9  be very little vocational adjustment: "The tools and work process is not
10 different; the only real change is the work setting, which would much
11 more pleasant at an office-type environment rather than a bar." (AR 20.)
12 The ALJ's conclusion addresses three of the four factors listed in Rule
13 201.00(f)— tools, work process, and work setting—but makes no mention of
14 whether the transfer of skills would require more than very little
15 vocational adjustment because of the change in industry. Rule 201.00(f)
16 clearly states that "there must be very little, if any" adjustment
17 required for each factor, and the VE clearly stated that more than "very
18 little" adjustment would be required to change industries from a
19 bartender to a check cashier.

20       The VE's testimony is the only evidence in the record concerning
21 the vocational adjustment that would be required of Plaintiff. The
22 testimony was not merely silent on the issue of adjustment to a new
23 industry, it directly stated that more than a little adjustment would be
24 needed for Plaintiff to perform the new job. The ALJ's finding of
25 transferable skills was not based on substantial evidence, and therefore
26 was in error. *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986).
27 //
28 //

8

**IV.   Award of Benefits**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Harman*, 211 F.3d at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, there are no outstanding issues that must be resolved before a determination of disability can be made. Plaintiff effectively shifted the burden to the Commissioner to establish that Plaintiff possesses skills that are transferable to other occupations with jobs that exist in the national economy. The Commissioner was unable to meet this burden. The VE identified only one job, check cashier, that Plaintiff could perform, but her skills are not transferable within the meaning of Rule 201.00(f). Therefore, Rule 201.06 compels a finding of disability, and benefits must be awarded.

//
//
//
//
//

9

**V.   Conclusion**

For the reasons stated above, it is **ORDERED** that the decision is reversed and the matter is remanded for an award of benefits.

DATED: March 21, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge